UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

| | |
|---|---|
| SHUNEAL O. MATHIS | CIVIL ACTION NO. 19-0097 |
| | SECTION P |
| VS. | |
| | JUDGE TERRY A. DOUGHTY |
| STATE OF LOUISIANA | MAG. JUDGE KAREN L. HAYES |

**REPORT AND RECOMMENDATION**

Petitioner Shuneal O. Mathis, a prisoner in the custody of Louisiana's Department of Corrections proceeding pro se, filed the instant Petition for Writ of Habeas Corpus on approximately January 25, 2019, under 28 U.S.C. § 2254. [doc. # 1]. Petitioner attacks his manslaughter and attempted armed robbery convictions, as well as the two forty-year concurrent sentences imposed by the Fifth Judicial District Court, Franklin Parish.[1] For the following reasons, it is recommended that the Petition be dismissed.

**Background**

On October 15, 2014, Petitioner pled guilty to manslaughter and attempted armed robbery before the Fifth Judicial District Court, Franklin Parish. [doc. # 1, p. 1]. The same day, the trial judge sentenced Petitioner to forty years of imprisonment for manslaughter and to a concurrent sentence of forty years of imprisonment for attempted armed robbery. *Id.* Petitioner did not pursue a direct appeal. *Id.* at 2.

On September 26, 2016, Petitioner filed an application for post-conviction relief before the Fifth Judicial District Court, Franklin Parish. *Id.* at 3. The trial court denied Petitioner's

---

[1] This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the Court.

application on February 15, 2017. [doc. #s 1, p. 6; 1-3, p. 4]. The Louisiana Second Circuit Court of Appeal denied Petitioner's application for supervisory review on September 28, 2017. [doc. # 1-3, p. 3]. The Supreme Court of Louisiana denied Petitioner's application for supervisory and/or remedial writs on December 17, 2018. *Id.* at 1-2; *State ex rel. Mathis v. State*, 2017-1815 (La. 12/17/18), 259 So. 3d 333.

Petitioner filed the instant Petition on approximately January 25, 2019,[2] raising the following assignments of error: (1) his "guilty plea was not knowing and intelligently entered where the court[,] against evidence supporting the factual basis for the guilty plea[,] advised that having an intent to rob made [Petitioner] a principal to the homicide, a crime perpetrated after [Petitioner's] expressed withdrawal from further participation"; (2) he was subjected to double jeopardy; (3) his counsel rendered ineffective assistance by failing to secure police and crime lab reports, failing to apply pertinent jurisprudence, failing to adequately prepare, and advising him to plead guilty to manslaughter, a crime to which "he was never a party"; and (4) his "guilty plea was not knowing and intelligently entered where the court erroneously informed him that being in the vehicle with the intent to commit an armed robbery made him a party to that homicide." [doc. # 1-2, p. 2].

## Law and Analysis

Title 28 U.S.C. § 2244(d)(1) provides a one-year statute of limitations for filing habeas corpus applications by persons in custody pursuant to the judgment of a state court. This limitation period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . ." 28 U.S.C.

---

[2] Petitioner signed the Petition on January 22, 2019. [doc. # 1, p. 15].

§ 2244(d)(1)(A).³ Under LA. CODE CRIM. PROC. art. 914(B), a "motion for an appeal must be made no later than: (1) Thirty days after the rendition of the judgment or ruling from which the appeal is taken."

Here, the trial judge sentenced Petitioner on October 15, 2014. [doc. # 1, p. 1]. As Petitioner did not file a direct appeal, his conviction became final thirty days later, on November 14, 2014. See *State v. Williams*, 16-32 (La. App. 5 Cir. 8/24/16), 199 So. 3d 1205, 1209 ("It is well established that a defendant may only appeal from a final judgment of conviction when sentence has been imposed.").

Because Petitioner's conviction became final on November 14, 2014, Petitioner had one year, or until November 14, 2015, to file a federal habeas corpus petition. However, because November 14, 2015, was a Saturday, the one-year period was extended to the following Monday, or November 16, 2015.⁴ Petitioner did not file the instant Petition until, at the earliest, January 22, 2019. [doc. # 1, p. 15]. Thus, Petitioner's claims are barred by the one-year limitation period unless Petitioner extended the November 16, 2015 deadline through statutory or equitable tolling.

**I. Statutory Tolling**

The statutory tolling provision in 28 U.S.C. § 2244(d)(2) provides, "[t]he time during

---

³ Nothing in the record suggests that any state-created impediments prevented the filing of this Petition. See 28 U.S.C. § 2244(d)(1)(B). In addition, Petitioner's claims do not rely on a constitutional right newly recognized by the United States Supreme Court and made retroactively applicable to cases on collateral review. See *id.* § (d)(1)(C). Further, Petitioner does not contend that "the factual predicate of the claim or claims presented" were "discovered through the exercise of due diligence" after the date on which his judgment became final. See *id.* § (d)(1)(D).

⁴ See FED. R. CIV. P. 6(a)(1)(C) (stating that a one-year period should "include the last day of the period, but if the last day is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday").

3

which a properly filed application for State post-conviction or other collateral review . . . is pending shall not be counted toward any period of limitation . . . ." However, any lapse of time before the proper filing of an application for post-conviction relief in state court is counted against the one-year limitations period, *Flanagan v. Johnson*, 154 F.3d 196, 199 n.1 (5th Cir. 1998), and the limitations period is tolled only for as long as the state application remains pending. *Johnson v. Quarterman*, 483 F.3d 278, 285 (5th Cir. 2007).

Here, Petitioner did not file an application for post-conviction relief before the one-year limitations period expired. As noted, Petitioner's conviction became final on November 14, 2014. Absent tolling, the time period for filing a federal habeas corpus petition would expire on November 16, 2015. Petitioner waited until September 26, 2016, to file an application for post-conviction relief in state court. As Petitioner did not file for post-conviction relief in state court before November 16, 2015, Petitioner did not interrupt or toll the period of limitation. Accordingly, the instant Petition is untimely and should be dismissed absent rare and exceptional circumstances.

**II. Equitable Tolling**

The one-year statute of limitations can, in rare and exceptional circumstances, be equitably tolled. See *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). However, "[e]quitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights." *U.S. v. Wheaten*, 826 F.3d 843, 851 (5th Cir. 2016). "A petitioner's failure to satisfy the statute of limitations must result from external factors beyond his control; delays of the petitioner's own making do not qualify." *In re Wilson*, 442 F.3d 872, 875 (5th Cir. 2006). "To be entitled to

equitable tolling, [the petitioner] must show '(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing." *Lawrence v. Fla.*, 549 U.S. 327, 336 (2007) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Nothing supports equitable tolling here. It does not appear that the State actively misled Petitioner or that Petitioner was otherwise prevented in some extraordinary way from asserting his rights. Accordingly, the Petition is time-barred under 28 U.S.C. § 2244(d)(1)(A).

### Conclusion

For the reasons above, **IT IS RECOMMENDED** that Petitioner Shuneal O. Mathis's Petition for Writ of Habeas Corpus, [doc. # 1], be **DENIED and DISMISSED WITH PREJUDICE** as time-barred under 28 U.S.C. § 2244(d).

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this Report and Recommendation have **fourteen (14) days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **fourteen (14) days** after being served with a copy of any objections or response to the District Judge at the time of filing. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before the Judge makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) DAYS FROM THE DATE OF ITS SERVICE**

**SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. **Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue.** *See* 28 U.S.C. § 2253(c)(2). **A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.**

In Chambers, Monroe, Louisiana, this 19th day of March, 2019.

_____
KAREN L. HAYES
UNITED STATES MAGISTRATE JUDGE